

PLYMOUTH COUNTY
Docket Report

**1783CV01181 Canoe Club Ballroom, Inc. vs. Lowe's Home Centers, LLC et al**

| | | | |
|---|---|---|---|
| **CASE TYPE:** | Contract / Business Cases | **FILE DATE:** | 11/13/2017 |
| **ACTION CODE:** | A01 | **CASE TRACK:** | F - Fast Track |
| **DESCRIPTION:** | Services, Labor and Materials | | |
| **CASE DISPOSITION DATE** 01/05/2018 | | **CASE STATUS:** | Closed |
| **CASE DISPOSITION:** | Transferred to another Court | **STATUS DATE:** | 01/05/2018 |
| **CASE JUDGE:** | | **CASE SESSION:** | Civil B |

### LINKED CASE

### DCM TRACK

| Tickler Description | Due Date | Completion Date |
|---|---|---|
| Service | 02/12/2018 | 01/05/2018 |
| Answer | 03/13/2018 | 01/05/2018 |
| Rule 12/19/20 Served By | 03/13/2018 | 01/05/2018 |
| Rule 15 Served By | 03/13/2018 | 01/05/2018 |
| Rule 15 Filed By | 04/12/2018 | 01/05/2018 |
| Rule 12/19/20 Filed By | 04/12/2018 | 01/05/2018 |
| Rule 15 Heard By | 05/14/2018 | 01/05/2018 |
| Rule 12/19/20 Heard By | 05/14/2018 | 01/05/2018 |
| Discovery | 09/10/2018 | 01/05/2018 |
| Rule 56 Served By | 10/09/2018 | 01/05/2018 |
| Rule 56 Filed By | 11/08/2018 | 01/05/2018 |
| Final Pre-Trial Conference | 03/08/2019 | 01/05/2018 |
| Judgment | 11/13/2019 | 01/05/2018 |

### PARTIES

**Plaintiff**
Canoe Club Ballroom, Inc.

**664742**

Christopher Strang
Strang, Scott, Giroux & Young, LLP
Strang, Scott, Giroux & Young, LLP
654 Beacon St
6th Floor
Boston, MA 02215
Work Phone (857) 233-5534
Added Date: 11/13/2017



**COMMONWEALTH OF MASSACHUSETTS**
**PLYMOUTH COUNTY**
Docket Report

| Defendant | Private Counsel | 681352 |
|---|---|---|
| Lowe's Home Centers, LLC | Cassandra Lee Feeney<br>Adler Cohen Harvey Wakeman and Guekguezian, LLP<br>Adler Cohen Harvey Wakeman and Guekguezian, LLP<br>55 Dorrance St<br>Suite 302<br>Providence, RI 02903<br>Work Phone (401) 521-6100<br>Added Date: 01/02/2018 | |
| Defendant<br>Trane U.S. Inc. | Private Counsel<br>Cassandra Lee Feeney<br>Adler Cohen Harvey Wakeman and Guekguezian, LLP<br>Adler Cohen Harvey Wakeman and Guekguezian, LLP<br>55 Dorrance St<br>Suite 302<br>Providence, RI 02903<br>Work Phone (401) 521-6100<br>Added Date: 01/02/2018 | 681352 |

## PARTY CHARGES

| # | Offense Date/ Charge | Code | Town | Disposition | Disposition Date |
|---|---|---|---|---|---|
| | | | | | |

## EVENTS

| Date | Session | Event | Result | Resulting Judge |
|---|---|---|---|---|
| | | | | |

## FINANCIAL DETAILS

| Date | Fees/Fines/Costs | Assessed | Paid | Dismissed | Balance |
|---|---|---|---|---|---|
| 11/13/2017 | Civil Filing Fee (per Plaintiff)<br>Receipt: 8589 Date: 11/13/2017 | 240.00 | 240.00 | 0.00 | 0.00 |
| 11/13/2017 | Civil Security Fee (G.L. c. 262, § 4A)<br>Receipt: 8589 Date: 11/13/2017 | 20.00 | 20.00 | 0.00 | 0.00 |
| 11/13/2017 | Civil Surcharge (G.L. c. 262, § 4C)<br>Receipt: 8589 Date: 11/13/2017 | 15.00 | 15.00 | 0.00 | 0.00 |
| 11/13/2017 | Fee for Blank Summons or Writ (except Writ of Habeas Corpus) MGL 262 sec 4b Receipt: 8589 Date: 11/13/2017 | 10.00 | 10.00 | 0.00 | 0.00 |
| | **Total** | **285.00** | **285.00** | **0.00** | **0.00** |



**COMMONWEALTH OF MASSACHUSETTS**
**PLYMOUTH COUNTY**
**Docket Report**

| Deposit Account(s) Summary | Received | Applied | Checks Paid | Balance |
|---|---|---|---|---|
| **Total** | | | | |

| | | INFORMATIONAL DOCKET ENTRIES | | |
|---|---|---|---|---|
| **Date** | **Ref** | **Description** | | **Judge** |
| 11/13/2017 | | Case assigned to: DCM Track F - Fast Track was added on 11/13/2017 | | |
| 11/13/2017 | 1 | Original civil complaint filed. | | |
| 11/13/2017 | 2 | Civil action cover sheet filed. | | |
| 11/13/2017 | | Attorney appearance On this date Christopher Strang, Esq. added for Plaintiff Canoe Club Ballroom, Inc. | | |
| 11/13/2017 | | The following form was generated: Tracking Order Sent On: 11/13/2017 12:39:45 | | |
| 12/18/2017 | 3 | Service Returned for Defendant Lowe's Home Centers, Inc.: Service through person in charge / agent; | | |
| 12/18/2017 | 4 | Service Returned for Defendant Trane U.S. Inc.: Service through person in charge / agent; | | |
| 12/26/2017 | 5 | Amended: first amended complaint filed by Canoe Club Ballroom, Inc. to correct the name of defendant Lowe's Home Centers, Inc. to Lowe's Home Centers, LLC | | |
| 01/02/2018 | 6 | Notice of Removal to the United States District Court filed by Applies To: Lowe's Home Centers, LLC (Defendant); Trane U.S. Inc. (Defendant) | | |
| 01/05/2018 | | REMOVED to the U.S. District Court | | |
| 01/05/2018 | | Case transferred to another court. | | |

A TRUE COPY ATTEST

*[signature]*

Clerk of Courts

RECEIVED NOV 1 3 2017

## COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS.                                    SUPERIOR COURT DEPARTMENT
                                                 DOCKET NO. 1783CVO1181 B

| | |
|---|---|
| CANOE CLUB BALLROOM, INC., | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **COMPLAINT** |
| LOWE'S HOME CENTERS, INC. and | ) |
| TRANE U.S. INC., | ) |
| Defendant. | ) |
| | ) |

FILED
COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY

NOV 1 3 2017

Clerk of Court

## INTRODUCTION

This is an action by an event venue for breach of contract, breach of settlement agreement, breach of warranty, misrepresentation and violation of M.G.L. ch. 93A against a supplier and a component supplier of a HVAC system purchased by, and installed in, the event venue located in West Bridgewater, Plymouth County, Massachusetts.

## PARTIES

1.  Plaintiff Canoe Club Ballroom, Inc. ("Canoe Club") is a domestic corporation with a principal place of office located at 2 South Street, West Bridgewater, Massachusetts 02379.

2.  Defendant Lowe's Home Centers, Inc. ("Lowes") is a foreign corporation registered to do business in Massachusetts with a principal office located at 1605 Curtis Bridge Road, Wilkesboro, North Carolina 28697.

3.  Defendant Trane U.S. Inc. ("Trane") is a foreign corporation registered to do business in Massachusetts with a principal office located at 800-E Beaty Street, Davidson, North Carolina 28036.

## JURISDICTION AND VENUE

4. Jurisdiction is proper in this Court pursuant to M.G.L. c.212 §3.

5. Venue is proper in this Court as the dispute arises from the installation of a HVAC system on plaintiff's property located in Plymouth County.

## FACTS

6. Canoe Club realleges paragraphs 1-5.

7. Canoe Clubs is an event venue.

8. On or around November 30, 2012, Canoe Club entered into a sales contract with Lowes ("Contract") for Canoe Club to purchase a HVAC system ("Purchased System").

9. Per the Contract the Purchased System was composed of components manufactured by Trane.

10. The Purchased System was designed improperly and insufficiently for the purpose intended.

11. Lowes failed to provide an engineered Purchased System with stamped drawings.

12. As installed, the Purchased System never functioned properly.

13. As installed, the Purchased System did not comply with the existing as-built drawings.

14. As installed, the Purchased System did not comply with internal component instruction manuals.

15. As installed, the Purchased System did not comply with Massachusetts Mechanical Code.

16. Issues with the Purchased System include, but are not limited to, the following;

    a. Inadequate thermostat controls that led to overheating in certain event spaces.

    b. Inadequate zoning controls that led to overheating in certain event spaces.

    c. Lack of wiring of airflow switches.

    d. Inadequate refrigeration piping per internal component instruction manuals.

e.  Exposed suction line in the attic space that led to condensation drip and water damage.

f.  Incorrectly installed flue piping that lead to further water damage and premature rusting.

g.  Incorrectly installed evaporator coils.

h.  Lack of furnace drain protection from freeze conditions.

i.  Incorrectly installed emergency drain pans that lack both wet switches and float switches.

j.  Inadequate fresh air design that lacks enthalpy control.

k.  Inadequate and incorrect ductwork design and installation.

17. Canoe Club received multiple customer complaints related to the improper function of the Purchased System.

18. The Purchased System failed to perform its primary function of properly regulating the temperature throughout the Canoe Club's various event spaces leading to multiple complaints of overheated spaces and high indoor humidity.

19. Canoe Club, Lowes and Trane entered into discussions to attempt to remediate Canoe Club's issues with the Purchased System ("Settlement Agreement").

20. Lowes and Trane agreed to repair the Purchased System pursuant to the negotiated terms of the Settlement Agreement.

21. The negotiated terms of the Settlement Agreement included a 10-year parts and labor warranty ("Express Warranty") issued by Lowes and Trane for the benefit of Canoe Club relative to the Purchased System.

22. Lowes and Trane have thus far refused to repair the Purchased System.

23. Lowes and Trane have not honored the Warranty.

## COUNT ONE- BREACH OF CONTRACT
### (Lowes)

24. Canoe Club realleges paragraphs 1-23.

25. Canoe Club entered into the Contract with Lowes.

26. Lowes materially breached the Contract.

27. Lowes' material breaches caused Canoe Club to suffer damages in excess of $25,000.00.

WHEREFORE, Plaintiff Canoe Club Ballroom, Inc., demands judgment against Defendant Lowes

Home Centers, Inc. for damages and costs stemming from Defendant's breach of contract.

## COUNT TWO- BREACH OF SETTLEMENT AGREEMENT
### (Lowes and Trane)

28. Canoe Club realleges paragraphs 1-27.

29. Canoe Club entered into the Settlement Agreement with Lowes and Trane.

30. Lowes and Trane materially breached the Settlement Agreement.

31. Lowes and Trane's material breaches caused Canoe Club to suffer damages in excess of

$25,000.00.

WHEREFORE, Plaintiff Canoe Club Ballroom, Inc., demands judgment against Defendants

Lowes Home Centers, Inc. and Trane U.S. Inc., for damages and costs stemming from Defendants'

breach of settlement agreement.

## COUNT THREE- BREACH OF EXPRESS WARRANTY
### (Lowes and Trane)

32. Canoe Club realleges paragraphs 1-31.

33. Lowes and Trane issued an Express Warranty for the benefit of Canoe Club.

34. Lowes and Trane materially breached the Express Warranty.

35. Lowes and Trane's material breaches caused Canoe Club to suffer damages.

WHEREFORE, Plaintiff Canoe Club Ballroom, Inc., demands judgment against Defendants Lowes Home Centers, Inc. and Trane U.S. Inc., for damages and costs stemming from Defendant's' breach of express warranty.

<div align="center">

### COUNT FOUR- INTENTIONAL MISREPRESENTATION
**(Lowes)**

</div>

36. Canoe Club realleges paragraphs 1 through 35.

37. Lowes supplied materially false information for the guidance of Canoe Club regarding the Purchased System, specifically, that the Purchased System would be an engineered system with stamped drawings.

38. Lowes failed to provide an engineered Purchased System with stamped drawings.

39. Lowes was aware that the Purchased System was not an engineered system.

40. Canoe Club justifiably relied on the materially false information supplied by Lowes when entering into the Contract.

41. Canoe Club was harmed, as the Purchased System has never functioned properly as it was not an engineered system.

42. Canoe Club incurred damages due to justifiably relying on the materially false information provided by Lowes.

WHEREFORE, Plaintiff Canoe Club Ballroom, Inc., demands judgment against Defendant Lowes Home Centers, Inc. for damages and costs stemming from Defendant's intentional misrepresentation.

<div align="center">

### COUNT FIVE- VIOLATION OF G.L. c. 93A.
### UNFAIR OR DECEPTIVE TRADE PRACTICES
**(Lowes and Trane)**

</div>

43. Canoe Club realleges paragraphs 1 through 42.

44. Canoe Club is a business for the purpose of G.L. c. 93A, § 11.

45. At all times relevant to this action, Lowes and Trane were engaged in trade or commerce within the Commonwealth of Massachusetts and the facts giving rise to the present action arose from such trade or commerce.

46. Lowes knowingly and willfully engaged in actions that were unfair and deceptive as alleged in paragraphs 10-16, 19-23, 29-30, and 37-39.

47. Lowes' unfair and deceptive actions caused Canoe Club to suffer pecuniary damages.

48. Lowes' actions as detailed above are breaches of the covenant of good faith and fair dealing, and constitute knowing and willful violations of M.G.L. c. 93A.

49. Trane knowingly and willfully engaged in actions that were unfair and deceptive as alleged in paragraphs 19-23, and 29-30.

50. Trane's unfair and deceptive actions caused Canoe Club to suffer pecuniary damages.

51. Trane's actions as detailed above are breaches of the covenant of good faith and fair dealing, and constitute knowing and willful violations of M.G.L. c. 93A.

52. All conditions precedent to the maintenance of this action have been performed.

WHEREFORE, Plaintiff Canoe Club Ballroom, Inc., demands judgment against Defendants Lowes Home Centers, Inc. and Trane U.S. Inc., for three times its actual damages, plus interest, costs and attorneys' fees as provided by G.L. c. 93A, §§ 2 and 11.

Respectfully submitted,

Plaintiff
CANOE CLUB BALLROOM, INC.,
By its attorneys:

_____

Christopher D. Strang, BBO No. 664742
cstrang@strangscott.com
Andrea N. Jacobs, BBO No. 693754
ajacobs@strangscott.com
STRANG, SCOTT, GIROUX & YOUNG, LLP
654 Beacon Street, 6th Floor
Boston, MA 02215
(857) 233-5534

Dated: November 10, 2017

A TRUE COPY ATTEST

Clerk of Courts



| CIVIL ACTION COVER SHEET | DOCKET NUMBER<br>1783CV01181B | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| | | COUNTY |
|---|---|---|
| **PLAINTIFF(S):** | Canoe Club Ballroom, Inc | Plymouth |
| **ADDRESS:** | 2 South Street, West Bridgewater, MA 02379 | |
| | | **DEFENDANT(S):** Lowe's Home Centers, Inc. |
| | | Trane U.S. Inc. |
| **ATTORNEY:** | Christopher D. Strang, Andrea N. Jacobs | |
| **ADDRESS:** | Strang, Scott, Giroux & Young | **ADDRESS:** Lowe's: 1605 Curtis Bridge Road, Wilkesboro, NC 28697 |
| | 654 Beacon Street, 6th Floor | Trane: 800-E Beaty Street, Davidson, NC 28036 |
| | Boston, MA 02215 | |
| **BBO:** | Strang: 664742 Jacobs: 693754 | |

## TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| A01, A02, BE1 | Labor, Materials, Goods Sold, Business Tort | A | ☐ YES   ☒ NO |

*If "Other" please describe: _____

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ................................................................ $ _____
2. Total doctor expenses ................................................................. $ _____
3. Total chiropractic expenses ......................................................... $ _____
4. Total physical therapy expenses .................................................. $ _____
5. Total other expenses (describe below) ......................................... $ _____
                                          Subtotal (A): $ _____

B. Documented lost wages and compensation to date .................................................. $ _____
C. Documented property damages to dated ................................................................. $ _____
D. Reasonably anticipated future medical and hospital expenses ................................. $ _____
E. Reasonably anticipated lost wages ......................................................................... $ _____
F. Other documented items of damages (describe below) ............................................ $ _____
Canoe Club incurred additional cost due to relying on Lowe's insufficent reps regarding the Purchased System and breach of

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
This is an action by a venue for intentional misrepresentation breach of settlement agreement and violation of G.L. c. 93A

against a supplier and component supplier of an HVAC system installed in West Bridgewater, Plymouth County.
               **TOTAL (A-F):$**   25,000+

### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):
This is an action by a venue for breach of contract, breach of settlement agreement, breach of warranty against a
             **TOTAL: $**   25,000+

supplier and component supplier of an HVAC system installed in West Bridgewater, Plymouth County.

Signature of Attorney/Pro Se Plaintiff: X _____   **Date:** Nov 10, 2017

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X _____

A TRUE COPY ATTEST

**Date:** Nov 10, 2017

Clerk of Courts

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY

NOV 13 2017

Clerk of Court

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 1783CV01181 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| CASE NAME: Canoe Club Ballroom, Inc. vs. Lowe's Home Centers, Inc. | Robert S. Creedon, Jr., Clerk of Courts |
|---|---|

| TO: File Copy | COURT NAME & ADDRESS Plymouth County Superior Court - Plymouth 52 Obery Street - Suite 2041 Plymouth, MA 02360 |
|---|---|

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                                              DEADLINE

|  | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court |  | 02/12/2018 |  |
| Response to the complaint filed (also see MRCP 12) |  | 03/13/2018 |  |
| All motions under MRCP 12, 19, and 20 | 03/13/2018 | 04/12/2018 | 05/14/2018 |
| All motions under MRCP 15 | 03/13/2018 | 04/12/2018 | 05/14/2018 |
| All discovery requests and depositions served and non-expert despositions completed | 09/10/2018 |  |  |
| All motions under MRCP 56 | 10/09/2018 | 11/08/2018 |  |
| Final pre-trial conference held and/or firm trial date set |  |  | 03/08/2019 |
| Case shall be resolved and judgment shall issue by |  |  | 11/13/2019 |

**The final pre-trial deadline is not the scheduled date of the conference.** You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED 11/13/2017 | ASSISTANT CLERK | PHONE |
|---|---|---|

Date/Time Printed: 11-13-2017 12:39:47                                                                                 SCV026R 11/2014

12-18-17

3

## Commonwealth of Massachusetts

PLYMOUTH, ss.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 1783 CV 01181

Canoe Club Ballroom, Inc., PLAINTIFF(S),

v. Lowes Home Centers, Inc.
and Trane U.S. Inc. DEFENDANT(S)

FILED
COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY

DEC 18 2017

Clerk of Court

### SUMMONS

THIS SUMMONS IS DIRECTED TO  Lowes Home Centers Inc. (Defendant's name)

You are being sued. The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Plymouth County Superior Court Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

**1. You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

**2. How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

a. Filing your signed original response with the Clerk's Office for Civil Business, Plymouth Superior Court, 52 Obery Street, Suite 2041, Plymouth, MA 02360, by mail or in person, **AND**

b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: Andrea Jacobs, Esq., Strang Scott, Giroux & Young, LLP, 1654 Beacon St., 6th Floor, Boston MA 02215

**3. What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov/courts/case-legal-res/rules of court.

4.

121817

## Commonwealth of Massachusetts

PLYMOUTH, ss.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 1783 C.V. 0118

Canoe Club Ballroom Inc, PLAINTIFF(S),

v. Lowes Home Centers Inc.
and TRANE U.S. Inc    DEFENDANT(S)

FILED
COMMONWEALTH OF MASS/ HUSET TS
SUPERIOR COURT DEPT. OF ITS RIAL COURT
PLYMOUTH COUNTY

DEC 18 2017

Clerk of Court

### SUMMONS

THIS SUMMONS IS DIRECTED TO _Trane U.S. Inc_ (Defendant's name)
You are being sued. The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the _Plymouth county Superior Court_ Court. YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. If you need more time to respond, you may request an extension of time in writing from the Court.

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court and mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

a. Filing your signed original response with the Clerk's Office for Civil Business, Plymouth Superior Court, 52 Obery Street, Suite 2041, Plymouth, MA 02360, by mail or in person, AND

b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: _Andrea Jacobs, Esq., Stram, Scott, Graix & Young, LLP 654 Beacon St 10th Floor Boston, MA 02215_

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as counterclaims) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must specifically request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a "Motion to Dismiss," if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

## COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS.

SUPERIOR COURT DEPARTMENT
DOCKET NO. 1783CV01181

CANOE CLUB BALLROOM, INC., )
    Plaintiff, )
)
v. )
)
LOWE'S HOME CENTERS, LLC and )
TRANE U.S. INC., )
    Defendant. )
)

FILED
COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY

DEC 2 6 2017

**FIRST AMENDED COMPLAINT**

Clerk of Court

### INTRODUCTION

This is an action by an event venue for breach of contract, breach of settlement agreement, breach of warranty, misrepresentation and violation of M.G.L. ch. 93A against a supplier and a component supplier of a HVAC system purchased by, and installed in, the event venue located in West Bridgewater, Plymouth County, Massachusetts.

### PARTIES

1. Plaintiff Canoe Club Ballroom, Inc. ("Canoe Club") is a domestic corporation with a principal place of office located at 2 South Street, West Bridgewater, Massachusetts 02379.

2. Defendant Lowe's Home Centers, LLC ("Lowes") is a foreign limited liability company registered to do business in Massachusetts with a principal office located at 1605 Curtis Bridge Road, Wilkesboro, North Carolina 28697.

3. Defendant Trane U.S. Inc. ("Trane") is a foreign corporation registered to do business in Massachusetts with a principal office located at 800-E Beaty Street, Davidson, North Carolina 28036.

### JURISDICTION AND VENUE

4. Jurisdiction is proper in this Court pursuant to M.G.L. c.212 §3.

5. Venue is proper in this Court as the dispute arises from the installation of a HVAC system on plaintiff's property located in Plymouth County.

## FACTS

6. Canoe Club realleges paragraphs 1-5.

7. Canoe Clubs is an event venue.

8. On or around November 30, 2012, Canoe Club entered into a sales contract with Lowes ("Contract") for Canoe Club to purchase a HVAC system ("Purchased System").

9. Per the Contract the Purchased System was composed of components manufactured by Trane.

10. The Purchased System was designed improperly and insufficiently for the purpose intended.

11. Lowes failed to provide an engineered Purchased System with stamped drawings.

12. As installed, the Purchased System never functioned properly.

13. As installed, the Purchased System did not comply with the existing as-built drawings.

14. As installed, the Purchased System did not comply with internal component instruction manuals.

15. As installed, the Purchased System did not comply with Massachusetts Mechanical Code.

16. Issues with the Purchased System include, but are not limited to, the following;

    a. Inadequate thermostat controls that led to overheating in certain event spaces.

    b. Inadequate zoning controls that led to overheating in certain event spaces.

    c. Lack of wiring of airflow switches.

    d. Inadequate refrigeration piping per internal component instruction manuals.

e.  Exposed suction line in the attic space that led to condensation drip and water damage.

f.  Incorrectly installed flue piping that lead to further water damage and premature rusting.

g.  Incorrectly installed evaporator coils.

h.  Lack of furnace drain protection from freeze conditions.

i.  Incorrectly installed emergency drain pans that lack both wet switches and float switches.

j.  Inadequate fresh air design that lacks enthalpy control.

k.  Inadequate and incorrect ductwork design and installation.

17. Canoe Club received multiple customer complaints related to the improper function of the Purchased System.

18. The Purchased System failed to perform its primary function of properly regulating the temperature throughout the Canoe Club's various event spaces leading to multiple complaints of overheated spaces and high indoor humidity.

19. Canoe Club, Lowes and Trane entered into discussions to attempt to remediate Canoe Club's issues with the Purchased System ("Settlement Agreement").

20. Lowes and Trane agreed to repair the Purchased System pursuant to the negotiated terms of the Settlement Agreement.

21. The negotiated terms of the Settlement Agreement included a 10-year parts and labor warranty ("Express Warranty") issued by Lowes and Trane for the benefit of Canoe Club relative to the Purchased System.

22. Lowes and Trane have thus far refused to repair the Purchased System.

23. Lowes and Trane have not honored the Warranty.

## COUNT ONE- BREACH OF CONTRACT
### (Lowes)

24. Canoe Club realleges paragraphs 1-23.

25. Canoe Club entered into the Contract with Lowes.

26. Lowes materially breached the Contract.

27. Lowes' material breaches caused Canoe Club to suffer damages in excess of $25,000.00.

WHEREFORE, Plaintiff Canoe Club Ballroom, Inc., demands judgment against Defendant Lowes

Home Centers, LLC for damages and costs stemming from Defendant's breach of contract.

## COUNT TWO- BREACH OF SETTLEMENT AGREEMENT
### (Lowes and Trane)

28. Canoe Club realleges paragraphs 1-27.

29. Canoe Club entered into the Settlement Agreement with Lowes and Trane.

30. Lowes and Trane materially breached the Settlement Agreement.

31. Lowes and Trane's material breaches caused Canoe Club to suffer damages in excess of
$25,000.00.

WHEREFORE, Plaintiff Canoe Club Ballroom, Inc., demands judgment against Defendants

Lowes Home Centers, LLC and Trane U.S. Inc., for damages and costs stemming from

Defendants' breach of settlement agreement.

## COUNT THREE- BREACH OF EXPRESS WARRANTY
### (Lowes and Trane)

32. Canoe Club realleges paragraphs 1-31.

33. Lowes and Trane issued an Express Warranty for the benefit of Canoe Club.

34. Lowes and Trane materially breached the Express Warranty.

35. Lowes and Trane's material breaches caused Canoe Club to suffer damages.

WHEREFORE, Plaintiff Canoe Club Ballroom, Inc., demands judgment against Defendants Lowes Home Centers, LLC and Trane U.S. Inc., for damages and costs stemming from Defendant's' breach of express warranty.

## COUNT FOUR- INTENTIONAL MISREPRESENTATION
### (Lowes)

36. Canoe Club realleges paragraphs 1 through 35.

37. Lowes supplied materially false information for the guidance of Canoe Club regarding the Purchased System, specifically, that the Purchased System would be an engineered system with stamped drawings.

38. Lowes failed to provide an engineered Purchased System with stamped drawings.

39. Lowes was aware that the Purchased System was not an engineered system.

40. Canoe Club justifiably relied on the materially false information supplied by Lowes when entering into the Contract.

41. Canoe Club was harmed, as the Purchased System has never functioned properly as it was not an engineered system.

42. Canoe Club incurred damages due to justifiably relying on the materially false information provided by Lowes.

WHEREFORE, Plaintiff Canoe Club Ballroom, Inc., demands judgment against Defendant Lowes Home Centers, LLC for damages and costs stemming from Defendant's intentional misrepresentation.

## COUNT FIVE- VIOLATION OF G.L. c. 93A.
## UNFAIR OR DECEPTIVE TRADE PRACTICES
### (Lowes and Trane)

43. Canoe Club realleges paragraphs 1 through 42.

44. Canoe Club is a business for the purpose of G.L. c. 93A, § 11.

45. At all times relevant to this action, Lowes and Trane were engaged in trade or commerce within the Commonwealth of Massachusetts and the facts giving rise to the present action arose from such trade or commerce.

46. Lowes knowingly and willfully engaged in actions that were unfair and deceptive as alleged in paragraphs 10-16, 19-23, 29-30, and 37-39.

47. Lowes' unfair and deceptive actions caused Canoe Club to suffer pecuniary damages.

48. Lowes' actions as detailed above are breaches of the covenant of good faith and fair dealing, and constitute knowing and willful violations of M.G.L. c. 93A.

49. Trane knowingly and willfully engaged in actions that were unfair and deceptive as alleged in paragraphs 19-23, and 29-30.

50. Trane's unfair and deceptive actions caused Canoe Club to suffer pecuniary damages.

51. Trane's actions as detailed above are breaches of the covenant of good faith and fair dealing, and constitute knowing and willful violations of M.G.L. c. 93A.

52. All conditions precedent to the maintenance of this action have been performed.

WHEREFORE, Plaintiff Canoe Club Ballroom, Inc., demands judgment against Defendants Lowes Home Centers, LLC and Trane U.S. Inc., for three times its actual damages, plus interest, costs and attorneys' fees as provided by G.L. c. 93A, §§ 2 and 11.

Respectfully submitted,

Plaintiff
CANOE CLUB BALLROOM, INC.,
By its attorneys:

_____
Christopher D. Strang, BBO No. 664742
cstrang@strangscott.com
Andrea N. Jacobs, BBO No. 693754
ajacobs@strangscott.com
STRANG, SCOTT, GIROUX & YOUNG, LLP
654 Beacon Street, 6th Floor
Boston, MA 02215
(857) 233-5534

Dated: December 22, 2017

## CERTIFICATE OF SERVICE

I, Andrea N. Jacobs, hereby certify that on this ___ day of ___ 2017, I caused a true copy of the foregoing to be delivered to the following via First Class Mail, postage prepaid:

Lowes Home Centers, LLC
Corporation Service Company,
84 State Street
Boston, MA 02109

Train U.S., Inc.
Corporation Service Company,
84 State Street
Boston, MA 02109

A TRUE COPY ATTEST

_____
Clerk of Courts

_____
Andrea N. Jacobs

1-2-18

## COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS.

SUPERIOR COURT DEPT.
C.A. No.: 1783CV01181

CANOE CLUB BALLROOM, INC.,
    Plaintiff

v.

LOWE'S HOME CENTERS, INC., and
TRANE U.S., INC.,
    Defendants

)
)
)
)
)
)
)
)
)
)

FILED
COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY

JAN - 2 2018

Clerk of Court

## <u>NOTICE OF FILING OF REMOVAL TO THE UNITED STATES DISTRICT COURT</u>

    To the Clerk of the Superior Court, Plymouth County, 52 Obery St., Plymouth, MA 02630:

    Notice is hereby given that this case has been removed to the United States District Court for the District of Massachusetts on the 22 day of December, 2017 by the Defendants, Lowe's Home Centers, LLC, improperly denominated as "Lowe's Home Centers, Inc.", and Trane U.S., Inc. A copy of the Notice of Removal to Federal Court is attached hereto as **Exhibit A.** You are advised to take no further action on this matter.

                    Respectfully submitted,
                    The Defendants,
                    Lowe's Home Centers, LLC, and Trane U.S., Inc.,
                    By their attorneys,

                    Cassandra L. Feeney, BBO#681352
                    A. Bernard Guekguezian, BBO# 559191
                    Adler | Cohen | Harvey | Wakeman | Guekguezian, LLP
                    75 Federal Street, 10th Floor
                    Boston, MA 02110
                    (617) 423-6674
                    cfeeney@adlercohen.com
                    bguekguezian@adlercohen.com

A TRUE COPY ATTEST

Clerk of Courts

## CERTIFICATE OF SERVICE

I, Cassandra L. Feeney, attorney for the defendants, Trane US Inc., f/k/a American Standard Inc., hereby certify that on December 22, 2017, I served a copy of the following:

    1.    Notice of Filing of Removal to the United States District Court

by mailing same, postage prepaid to:

Christopher D. Strang, Esq.
Andrea N. Jacobs, Esq.
STRANG, SCOTT, GIROUX & YOUNG, LLP
654 Beacon Street – 6th floor
Boston, MA 02215

                                      Cassandra Feeney

# EXHIBIT A

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Canoe Club Ballroom, Inc.

## DEFENDANTS
Lowe's Home Centers, Inc., and Trane U.S., Inc.

**(b)** County of Residence of First Listed Plaintiff   Plymouth, Massachusetts
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Wilkes County, N. Carolina
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Strang, Scott, Giroux & Young, LLP; 645 Beacon Street, 6th Floor, Boston, MA 02215; (857) 233-5534

Attorneys *(If Known)*
Adler Cohen Harvey Wakeman & Guekguezian, LLP; 75 Federal Street, 10th Floor, Boston, MA 02110; (617) 423-6674

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question *(U.S. Government Not a Party)*
☐ 2 U.S. Government Defendant
☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

### CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☒ 195 Contract Product Liability
☐ 196 Franchise

### REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
☐ 365 Personal Injury - Product Liability
☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
☐ 440 Other Civil Rights
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
☐ 463 Alien Detainee
☐ 510 Motions to Vacate Sentence
☐ 530 General
☐ 535 Death Penalty
**Other:**
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

### LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Management Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical Leave Act
☐ 790 Other Labor Litigation
☐ 791 Employee Retirement Income Security Act

### IMMIGRATION
☐ 462 Naturalization Application
☐ 465 Other Immigration Actions

### BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 835 Patent - Abbreviated New Drug Application
☐ 840 Trademark

### SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
☐ 375 False Claims Act
☐ 376 Qui Tam (31 USC 3729(a))
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/ Exchange
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Information Act
☐ 896 Arbitration
☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332(a)
Brief description of cause:
Complete diversity jurisdiction over products liability action

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE                                   DOCKET NUMBER

DATE
12/22/17
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #         AMOUNT                 APPLYING IFP                 JUDGE                 MAG. JUDGE

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. Title of case (name of first party on each side only) Canoe Club Ballroom, Inc. v. Lowe's Home Centers, Inc.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   410, 441, 470, 535, 830*, 835*, 891, 893, 895, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II.  110, 130, 140, 160, 190, 196, 230, 240, 290,320,362, 370, 371, 380, 430, 440, 442, 443, 445, 446, 448, 710, 720, 740, 790, 820*, 840*, 850, 870, 871.

   ☑ III. 120, 150, 151, 152, 153, 195, 210, 220, 245, 310, 315, 330, 340, 345, 350, 355, 360, 365, 367, 368, 375, 376, 385, 400, 422, 423, 450, 460, 462, 463, 465, 480, 490, 510, 530, 540, 550, 555, 625, 690, 751, 791, 861-865, 890, 896, 899, 950.

   *Also complete AO 120 or AO 121. for patent, trademark or copyright cases.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☑

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the United States and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☑   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
   Eastern Division ☑   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
   Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☑

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME Cassandra L. Feeney
ADDRESS Adler Cohen Harvey Wakeman & Guekguezian, LLP, 75 Federal Street, Boston, MA 02110
TELEPHONE NO. 617-423-6674

(CategoryForms-2017.wpd )

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------------------------------X

**CANOE CLUB BALLROOM, INC.,**
       **Plaintiff,**

v.
                         **Civil Action No.**
                         **(Plymouth Superior Court No.**
                         **1783CV01181)**

**LOWE'S HOME CENTERS, INC. and**
**TRANE U.S. INC.,**
       **Defendants.**
---------------------------------------------------------------------------------------X

## NOTICE OF REMOVAL BY DEFENDANTS

Defendants Lowe's Home Centers, LLC, improperly denominated as "Lowe's Home Centers, Inc.," and Trane U.S. Inc., (collectively, the "Defendants") give notice of the removal of this action from the Superior Court for Plymouth County in the Commonwealth of Massachusetts to the United States District Court for the District of Massachusetts, pursuant to 28 U.S.C. §§ 1441 and 1446.  As grounds for removal, the Defendants state the following:

## INTRODUCTION

1.      On or about November 13, 2017, Plaintiff filed this product liability action, entitled Canoe Club Ballroom, Inc. v. Lowe's Home Centers, Inc. and Trane U.S., Inc., Civil Action No. 1783CV01181, in the Superior Court of Plymouth, Commonwealth of Massachusetts.

2.      The Plaintiff served Defendant Lowe's with Plaintiff's Summons and Complaint on December 8, 2017.  See Summons and Complaint attached hereto as **Exhibit A.**  The Complaint includes allegations of breach of contract, breach of settlement agreement, breach of

express warranty, intentional misrepresentation, and unfair or deceptive trade practices in connection with an HVAC system. Trane has not been served to date.

3.      This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a) on the basis of diversity of citizenship and amount in controversy.

4.      This case is removable pursuant to 28 U.S.C. § 1441(b).

5.      Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers or exhibits filed in state court or otherwise provided to the Defendants are attached hereto as **Exhibit A.**

## DIVERSITY OF CITIZENSHIP

6.      The plaintiff, Canoe Club Ballroom, Inc. ("plaintiff" or "Canoe Club") is a domestic corporation with a principal place of business at 2 South Street, West Bridgewater, Massachusetts, 02379. Thus, Canoe Club is a citizen of Massachusetts.

7.      The defendant, Lowe's Home Centers, LLC, improperly denominated as "Lowe's Home Centers, Inc."n ("Lowe's") is a foreign corporation, incorporated in North Carolina with a principle place of business in North Carolina. Thus, Lowe's is a citizen of North Carolina.

8.      The defendant, Trane U.S. Inc. ("Trane") is a foreign corporation, incorporated in North Carolina with a principle place of business in North Carolina. Thus, Trane is a citizen of North Carolina.

9.      None of the parties in interest served as a Defendant is a citizen of the Commonwealth of Massachusetts. Therefore, complete diversity exists between all the parties.

## AMOUNT IN CONTROVERSY

10.    The allegations set forth in the Complaint establish that the amount in controversy in this case exceeds $75,000 exclusive of interest and costs.

11.    The plaintiff seeks damages for breach of contract, breach of settlement agreement, breach of express warranty, and intentional misrepresentation in connection with an HVAC system.  Specifically, the plaintiff seeks damages "in excess of $25,000" for the alleged breach of contract and breach of settlement agreement.  The plaintiff also seeks additional damages for the alleged breach of express warranty and intentional misrepresentation.  Further, the plaintiff seeks entitlement to treble damages, as well as interest, costs, and attorney's fees under Massachusetts Consumer Protection Statute. Spielman v. Genzyme Corp., 251 F.3d 1, 7 (1st Cir. 2001) (where the Court included attorney's fees sought under Chapter 93A of the Massachusetts Consumer Protection Act in determining the amount-in-controversy for diversity jurisdiction); Raymond v. Lane Const. Corp., 527 F. Supp. 2d 156, 164 (D. Me. 2007) ("Given that even one extra dollar of attorney's fees would place [plaintiff] over the $75,000 threshold, it is a 'legal certainty' that her amount in controversy will meet the statutory requirement.").  Thus, it is clear that the amount of damages the plaintiff seeks— "damages in excess of $25,000" for the alleged breach of contract and breach of settlement agreement, which would become more than $75,000 after the statutory trebling and attorneys fees, as well as damages alleged for breach of express warranty and intentional misrepresentation—is more than the jurisdictional amount-in-controversy requirement.

## OTHER REQUIREMENTS FOR REMOVAL

12.    Lowe's was served with the Complaint on December 8, 2017.  Trane has not been served to date.  Thus, this Notice of Removal is being timely filed within the thirty (30) days of service of initial pleadings.

13.   Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) and 1446(a) because the U.S. District Court for the District of Massachusetts is the federal judicial district embracing the Superior Court for Plymouth County in the Commonwealth of Massachusetts where the State Court Action was originally filed.

14.   Written notice of the filing of the Notice of Removal will be served on Plaintiff's counsel and filed with the Plymouth Superior Court, pursuant to 28 U.S.C. § 1446(d).  A copy of the Notice of Filing of Notice of Removal to the United States District Court is attached hereto as **Exhibit B**.

15. As of December 22, 2017, there are no pending motions in this matter.

16. All Defendants are represented by the undersigned and join in this Notice of Removal.

## CONCLUSION

WHEREFORE, the Defendants jointly request that the above-entitled matter currently pending in the Plymouth County Superior Court in the Commonwealth of Massachusetts be removed to the United States District Court for the District of Massachusetts.

By this Notice of Removal, the Defendants do not waive any objections they may have as to service, jurisdiction or venue, or any other defenses or objections they may have to this action. The Defendants intend no admission of fact, law or liability by this Notice, and expressly reserve all defenses, motions and/or pleas.

Respectfully submitted,

The Defendants,
Lowe's Home Centers, LLC, and
Trane U.S. Inc.,
By their attorneys,

Cassandra L. Feeney, BBO#681352
A. Bernard Guekguezian, BBO# 559191
Adler | Cohen | Harvey | Wakeman | Guekguezian, LLP
75 Federal Street, 10th Floor
Boston, MA 02110
(617) 423-6674
cfeeney@adlercohen.com
bguekguezian@adlercohen.com

Dated: 12/22/17

## CERTIFICATE OF SERVICE

I do hereby certify that on December 22, 2017, this document was filed with ECF system to be electronically served upon all registered participants as identified on the Notice of Electronic Filing and paper copies will be sent those registered as non-participants.

12/22/17

Date

Cassandra L. Feeney

# EXHIBIT A

## Commonwealth of Massachusetts

PLYMOUTH, ss.                                      TRIAL COURT OF THE COMMONWEALTH
                                                   SUPERIOR COURT DEPARTMENT
                                                   CIVIL DOCKET NO. 1783 C V 01181

Canoe Club Ballroom, Inc. **PLAINTIFF(S),**

v. Lowes Home Centers, Inc.
and Trane U.S. Inc. **DEFENDANT(S)**

### SUMMONS

THIS SUMMONS IS DIRECTED TO Lowes Home Centers Inc. (Defendant's name)
You are being sued. The Plaintiff(s) named above has started a lawsuit against you. A copy of the
Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been
filed in the Plymouth County Superior Court Court. YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.

1. You must respond to this lawsuit in writing within 20 days. If you do not respond, the court may
decide the case against you and award the Plaintiff everything asked for in the complaint. You will also
lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if
you expect to resolve this matter with the Plaintiff. If you need more time to respond, you may request
an extension of time in writing from the Court.

2. How to Respond. To respond to this lawsuit, you must file a written response with the court and mail
a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

a. Filing your signed original response with the Clerk's Office for Civil Business, Plymouth Superior
Court, 52 Obery Street, Suite 2041, Plymouth, MA 02360, by mail or in person, AND

b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following
address: Andrea Jacobs, Esq. Strang Scott, Groux & Young, LLP, 1 St Beacon St. 6th Floor, Boston MA
02215

3. What to Include in your response. An "Answer" is one type of response to a Complaint. Your Answer
must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint.
Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right
to use them in court. If you have any claims against the Plaintiff (referred to as counterclaims) that are
based on the same facts or transaction described in the Complaint, then you must include those claims
in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this
lawsuit. If you want to have your case heard by a jury, you must specifically request a jury trial in your
Answer or in a written demand for a jury trial that you must send to the other side and file with the
court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a
"Motion to Dismiss," if you believe that the complaint is legally invalid or legally insufficient. A Motion
to Dismiss must be based on one of the legal deficiencies or reasons listed under Mass. R. Civ. P. 12. If
you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions"
described in the rules of the Court in which the complaint was filed, available at
www.mass.gov/courts/case-legal-res/rules of court.

Joseph P Casey

A true copy Attest:

[ ] Deputy Sheriff Suffolk County

12-8-17

**4. Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

**5. Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on November 17, 20 17

Clerk of Courts

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____ 20___ I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5)):

_____

_____

_____

Dated: _____ 20___   Signature: _____

**N.B. TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX — BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS.

SUPERIOR COURT DEPARTMENT
DOCKET NO.

CANOE CLUB BALLROOM, INC.,
  Plaintiff

v.

LOWE'S HOME CENTERS, INC. and
TRANE U.S. INC.,
  Defendant

COMPLAINT

## INTRODUCTION

This is an action by an event venue for breach of contract, breach of settlement agreement, breach of warranty, misrepresentation and violation of M.G.L. ch. 93A against a supplier and a component supplier of a HVAC system purchased by, and installed in, the event venue located in West Bridgewater, Plymouth County, Massachusetts.

## PARTIES

1. Plaintiff Canoe Club Ballroom, Inc. ("Canoe Club") is a domestic corporation with a principal place of office located at 2 South Street, West Bridgewater, Massachusetts 02379.

2. Defendant Lowe's Home Centers, Inc. ("Lowes") is a foreign corporation registered to do business in Massachusetts with a principal office located at 1605 Curtis Bridge Road, Wilkesboro, North Carolina 28697.

3. Defendant Trane U.S. Inc. ("Trane") is a foreign corporation registered to do business in Massachusetts with a principal office located at 800 E Beaty Street, Davidson, North Carolina 28036.

## JURISDICTION AND VENUE

4. Jurisdiction is proper in this Court pursuant to M.G.L. c.212 §3.

5. Venue is proper in this Court as the dispute arises from the installation of a HVAC system on plaintiff's property located in Plymouth County.

### FACTS

6. Canoe Club realleges paragraphs 1-5.

7. Canoe Club is an event venue.

8. On or around November 30, 2012, Canoe Club entered into a sales contract with Lowes ("Contract") for Canoe Club to purchase a HVAC system ("Purchased System").

9. Per the Contract the Purchased System was composed of components manufactured by Trane.

10. The Purchased System was designed improperly and insufficiently for the purpose intended.

11. Lowes failed to provide an engineered Purchased System with stamped drawings.

12. As installed, the Purchased System never functioned properly.

13. As installed, the Purchased System did not comply with the existing as-built drawings.

14. As installed, the Purchased System did not comply with internal component instruction manuals.

15. As installed, the Purchased System did not comply with Massachusetts Mechanical Code.

16. Issues with the Purchased System include, but are not limited to, the following:

    a. Inadequate thermostat controls that led to overheating in certain event spaces.

    b. Inadequate zoning controls that led to overheating in certain event spaces.

    c. Lack of wiring of airflow switches.

    d. Inadequate refrigeration piping per internal component instruction manuals.

    e.  Exposed suction line in the attic space that led to condensation drip and water damage.

    f.  Incorrectly installed flue piping that lead to further water damage and premature rusting.

    g.  Incorrectly installed evaporator coils.

    h.  Lack of furnace drain protection from freeze conditions.

    i.  Incorrectly installed emergency drain pans that lack both wet switches and float switches.

    j.  Inadequate fresh air design that lacks enthalpy control.

    k.  Inadequate and incorrect ductwork design and installation.

17. Canoe Club received multiple customer complaints related to the improper function of the Purchased System.

18. The Purchased System failed to perform its primary function of properly regulating the temperature throughout the Canoe Club's various event spaces leading to multiple complaints of overheated spaces and high indoor humidity.

19. Canoe Club, Lowes and Trane entered into discussions to attempt to remediate Canoe Club's issues with the Purchased System ("Settlement Agreement").

20. Lowes and Trane agreed to repair the Purchased System pursuant to the negotiated terms of the Settlement Agreement.

21. The negotiated terms of the Settlement Agreement included a 10-year parts and labor warranty ("Express Warranty") issued by Lowes and Trane for the benefit of Canoe Club relative to the Purchased System.

22. Lowes and Trane have thus far refused to repair the Purchased System.

23. Lowes and Trane have not honored the Warranty.

## COUNT ONE--BREACH OF CONTRACT
### (Lowes)

24. Canoe Club realleges paragraphs 1-23.

25. Canoe Club entered into the Contract with Lowes.

26. Lowes materially breached the Contract.

27. Lowes' material breaches caused Canoe Club to suffer damages in excess of $25,000.00.

WHEREFORE, Plaintiff Canoe Club Ballroom, Inc., demands judgment against Defendant Lowes Home Centers, Inc. for damages and costs stemming from Defendant's breach of contract.

## COUNT TWO--BREACH OF SETTLEMENT AGREEMENT
### (Lowes and Trane)

28. Canoe Club realleges paragraphs 1-27.

29. Canoe Club entered into the Settlement Agreement with Lowes and Trane.

30. Lowes and Trane materially breached the Settlement Agreement.

31. Lowes and Trane's material breaches caused Canoe Club to suffer damages in excess of $25,000.00.

WHEREFORE, Plaintiff Canoe Club Ballroom, Inc., demands judgment against Defendants Lowes Home Centers, Inc. and Trane U.S. Inc., for damages and costs stemming from Defendants" breach of settlement agreement.

## COUNT THREE--BREACH OF EXPRESS WARRANTY
### (Lowes and Trane)

32. Canoe Club realleges paragraphs 1-31.

33. Lowes and Trane issued an Express Warranty for the benefit of Canoe Club.

34. Lowes and Trane materially breached the Express Warranty.

35. Lowes and Trane's material breaches caused Canoe Club to suffer damages.

WHEREFORE, Plaintiff Canoe Club Ballroom, Inc., demands judgment against Defendants Lowes Home Centers, Inc. and Trane U.S. Inc., for damages and costs stemming from Defendant's breach of express warranty.

### COUNT FOUR- INTENTIONAL MISREPRESENTATION
### (Lowes)

36. Canoe Club realleges paragraphs 1 through 35.

37. Lowes supplied materially false information for the guidance of Canoe Club regarding the Purchased System, specifically, that the Purchased System would be an engineered system with stamped drawings.

38. Lowes failed to provide an engineered Purchased System with stamped drawings.

39. Lowes was aware that the Purchased System was not an engineered system.

40. Canoe Club justifiably relied on the materially false information supplied by Lowes when entering into the Contract.

41. Canoe Club was harmed, as the Purchased System has never functioned properly as it was not an engineered system.

42. Canoe Club incurred damages due to justifiably relying on the materially false information provided by Lowes.

WHEREFORE, Plaintiff Canoe Club Ballroom, Inc., demands judgment against Defendant Lowes Home Centers, Inc. for damages and costs stemming from Defendant's intentional misrepresentation.

### COUNT FIVE- VIOLATION OF G.L. c. 93A.
### UNFAIR OR DECEPTIVE TRADE PRACTICES
### (Lowes and Trane)

43. Canoe Club realleges paragraphs 1 through 42.

44. Canoe Club is a business for the purpose of G.L. c. 93A, § 11.

45. At all times relevant to this action, Lowes and Trane were engaged in trade or commerce within the Commonwealth of Massachusetts and the facts giving rise to the present action arose from such trade or commerce.

46. Lowes knowingly and willfully engaged in actions that were unfair and deceptive as alleged in paragraphs 10-16, 19-23, 29-30, and 37-39.

47. Lowes' unfair and deceptive actions caused Canoe Club to suffer pecuniary damages.

48. Lowes' actions as detailed above are breaches of the covenant of good faith and fair dealing, and constitute knowing and willful violations of M.G.L. c. 93A.

49. Trane knowingly and willfully engaged in actions that were unfair and deceptive as alleged in paragraphs 19-23, and 29-30.

50. Trane's unfair and deceptive actions caused Canoe Club to suffer pecuniary damages.

51. Trane's actions as detailed above are breaches of the covenant of good faith and fair dealing, and constitute knowing and willful violations of M.G.L. c. 93A.

52. All conditions precedent to the maintenance of this action have been performed.

WHEREFORE, Plaintiff Canoe Club Ballroom, Inc., demands judgment against Defendants Lowes Home Centers, Inc. and Trane U.S. Inc., for three times its actual damages, plus interest, costs and attorneys' fees as provided by G.L. c. 93A, §§ 2 and 11.

Respecifully submitted,

Plaintiff,
CANOE CLUB BALLROOM, INC.,
By its attorneys:

Christopher D. Strang, BBO No. 664742
cstrang@strangscott.com
Andrea N. Jacobs, BBO No. 693754
ajacobs@strangscott.com
STRANG, SCOTT, GIROUX & YOUNG, LLP
654 Beacon Street, 6th Floor
Boston, MA 02215
(857) 233-5534

Dated: November 10, 2017

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

PLAINTIFF(S): Canoe Club Ballroom, Inc.

ADDRESS: 2 South Street, West Bridgewater, MA 02379

COUNTY: Plymouth

DEFENDANT(S): Lowe's Home Centers, Inc.
Trane U.S. Inc.

ATTORNEY: Christopher D. Strang, Andrea N. Jacobs

ADDRESS: Strang, Scott, Giroux & Young
1654 Beacon Street, 6th Floor
Boston, MA 02215

BBO: Strang: 684782 Jacobs: 693754

ADDRESS: Lowe's: 1605 Curtis Bridge Road, Wilkesboro, NC 28697
Trane: 800-E Beaty Street, Davidson, NC 28036

**TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| A01, A02, BE1 | Labor, Materials, Goods Sold, Business Tort | A | ☐ YES ☒ NO |

*If "Other" please describe:

**STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses .......... $
2. Total doctor expenses .......... $
3. Total chiropractic expenses .......... $
4. Total physical therapy expenses .......... $
5. Total other expenses (describe below) .......... $
Subtotal (A): $

B. Documented lost wages and compensation to date .......... $
C. Documented property damages to date .......... $
D. Reasonably anticipated future medical and hospital expenses .......... $
E. Reasonably anticipated lost wages .......... $
F. Other documented items of damages (describe below) .......... $

Canoe Club incurred additional cost due to relying on Lowe's insufficient reps regarding the Purchased System and breach of

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
This is an action by a venue for intentional misrepresentation breach of settlement agreement and violation of G.L. c. 93A against a supplier and component supplier of an HVAC system installed in West Bridgewater, Plymouth County.

TOTAL (A-F): $ 25,000+

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

Provide a detailed description of claims(s):
This is an action by a venue for breach of contract, breach of settlement agreement, breach of warranty against a supplier and component supplier of an HVAC system installed in West Bridgewater, Plymouth County.

TOTAL: $ 25,000+

Signature of Attorney/Pro Se Plaintiff: X [signature] Date: Nov 10, 2017

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION PURSUANT TO SJC RULE 1:18**

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X [signature] Date: Nov 10, 2017

| CIVIL TRACKING ORDER (STANDING ORDER 1- 88) | DOCKET NUMBER 1783CV01181 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Canoe Club Ballroom, Inc. vs. Lowe's Home Centers, Inc. | | Robert S. Creedon, Jr., Clerk of Courts |
| TO: Lowe's Home Centers, Inc. | | COURT NAME & ADDRESS Plymouth County Superior Court - Plymouth 52 Obery Street - Suite 2041 Plymouth, MA 02360 |

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 02/12/2018 | |
| Response to the complaint filed (also see MRCP 12) | | 03/13/2018 | |
| All motions under MRCP 12, 19, and 20 | 03/13/2018 | 04/12/2018 | 05/14/2018 |
| All motions under MRCP 15 | 03/13/2018 | 04/12/2018 | 05/14/2018 |
| All discovery requests and depositions served and non-expert despositions completed | 09/10/2018 | | |
| All motions under MRCP 56 | 10/09/2018 | 11/08/2018 | |
| Final pre-trial conference held and/or firm trial date set | | | 03/08/2019 |
| Case shall be resolved and judgment shall issue by | | | 11/13/2019 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.

Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

This case is assigned to

| DATE ISSUED 11/13/2017 | ASSISTANT CLERK | PHONE |
|---|---|---|

# EXHIBIT B

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS.                                    SUPERIOR COURT DEPT.
                                                C.A. No.: 1783CV01181

| | |
|---|---|
| CANOE CLUB BALLROOM, INC., | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| LOWE'S HOME CENTERS, INC., and | ) |
| TRANE U.S., INC., | ) |
| Defendants | ) |

## NOTICE OF FILING OF REMOVAL TO THE UNITED STATES DISTRICT COURT

To the Clerk of the Superior Court, Plymouth County, 52 Obery St., Plymouth, MA
02630:

Notice is hereby given that this case has been removed to the United States District
Court for the District of Massachusetts on the 22 day of December, 2017 by the Defendants,
Lowe's Home Centers, LLC, improperly denominated as "Lowe's Home Centers, Inc.", and
Trane U.S., Inc. A copy of the Notice of Removal to Federal Court is attached hereto as **Exhibit
A.** You are advised to take no further action on this matter.

Respectfully submitted,
The Defendants,
Lowe's Home Centers, LLC, and Trane U.S., Inc.,
By their attorneys,

Cassandra L. Feeney, BBO#661352
A. Bernard Guekguezian, BBO# 559191
Adler | Cohen | Harvey | Wakeman | Guekguezian, LLP
75 Federal Street, 10th Floor
Boston, MA 02110
(617) 423-6674
cfeeney@adlercohen.com
bguekguezian@adlercohen.com

## CERTIFICATE OF SERVICE

I, Cassandra L. Feeney, attorney for the defendants, Trane US Inc., f/k/a American Standard Inc., hereby certify that on December 22, 2017, I served a copy of the following:

    1.    Notice of Filing of Removal to the United States District Court

by mailing same, postage prepaid to:

Christopher D. Strang, Esq.
Andrea N. Jacobs, Esq.
STRANG, SCOTT, GIROUX & YOUNG, LLP
654 Beacon Street – 6th floor
Boston, MA 02215

Cassandra Feeney

# Adler|Cohen|Harvey|Wakeman|Guekguezian LLP

## Massachusetts | Rhode Island | New Hampshire

**Cassandra L. Feeney**
cfeeney@adlercohen.com
Reply to Providence Office

December 22, 2017

Plymouth Superior Court
Obery Street
Plymouth, MA 02360

      Re:    Canoe Club Ballroom, Inc.  vs. Lowe's Home Centers, Inc.
           <u>Plymouth Superior Court, CA # 1783CV01181</u>

Dear Sir or Madam:

      Enclosed for filing and docketing in connection with the above-referenced matter, please find the following document:

      1.      Notice of Filing of Removal to the United States District Court;
      2.      Certificate of Service

      Thank you for your attention to this matter.

                      Very truly yours,

                      Cassandra L. Feeney

CLF/cmc
Enclosures
cc:    Christopher D. Strang, Esq.

75 Federal Street, Boston, MA 02110 | 55 Dorrance Street, Providence, RI 02903 | 1950 Lafayette Road, Portsmouth, NH 03801
tel 617 423 6674 | tel 401 521 6100 | tel 603 431 0582

**www.adlercohen.com**